1  LAW OFFICES OF DALE GALIPO
   Dale K. Galipo, State Bar No. 144074
2  dalekgalipo@yahoo.com
   Melanie T. Partow, State Bar No. 254843
3  mpartow@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California 91367
   Telephone (818) 347-3333
5  Facsimile   (818) 347-4118

6  *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC SHERMAN, JR., | Case No.: **EDCV 09-01699 VAP(OPx)** |
| Plaintiff, | [*Magistrate Oswald Parada*] |
| vs. | **PROTECTIVE ORDER** |
| COUNTY OF SAN BERNARDINO; DEPUTY CHARLES PHILLIPS; DEPUTY COLLINS; and DOES 1-10, inclusive, | |
| Defendants. | [Stipulation Requesting Order to Protect Confidential Information *filed concurrently herewith*] |

0

PROTECTIVE ORDER

# [PROPOSED] PROTECTIVE ORDER

THE COURT, having reviewed the parties' Stipulation Requesting Order to Protect Confidential Information, and finding GOOD CAUSE THEREFORE, IT IS HEREBY ORDERED:

Terms:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom containing information which has not been made public and which concerns or relates to the medical history of Dominic Sherman, Jr., as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

2. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below: (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action; (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action; (c) court reporter(s) employed in this action; (d) a witness at any deposition or other proceeding in this action; and (e) any other person as to whom the parties in writing agree.  Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.  Neither the Court nor Court personnel are required to execute a non-disclosure agreement.

6. Depositions shall be taken only in the presence of qualified persons.

7. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and accompanied by an application to file the papers (or a portion thereof containing the protected information) under seal in accordance with Local Rule 79-5.1.  Said application shall be directed to the Judge to whom the papers are directed.  Parties shall file a redacted version of any motions or supporting papers.

8. In the event that any party intends to introduce any evidence containing

1 Confidential Material in any court proceeding, the party so intending shall take all
2 reasonable steps to maintain its confidentiality during such use, including taking
3 the matter up with the judicial officer conducting the proceeding prior to the
4 introduction of said evidence in an effort to preserve confidentiality.

5 9. This Order shall be without prejudice to the right of the parties (i) to bring
6 before the Court at any time the question of whether any particular document or
7 information is confidential or whether its use should be restricted or (ii) to present
8 a motion to the Court under FRCP 26(c) for a separate protective order as to any
9 particular document or information, including restrictions differing from those as
10 specified herein. This Order shall not be deemed to prejudice the parties in any
11 way in any future application for modification of this Order.  No modification to
12 this order by any party shall have the force or effect of a court order unless the
13 Court approves the modification.

14 10. This Order is entered solely for the purpose of facilitating the exchange of
15 documents and information between the parties to this action without involving the
16 Court unnecessarily in the process.  Nothing in this Order nor the production of
17 any information or document under the terms of this Order nor any proceedings
18 pursuant to this Order shall be deemed to have the effect of an admission or waiver
19 by either party of the particular relevance of any information, or of altering the
20 confidentiality or non-confidentiality of any such document or information, or
21 altering any existing obligation of any party or the absence thereof.

22 11. This Order shall survive the final termination of this action, to the extent
23 that the information contained in Confidential Material is not or does not become
24 known to the public, and the Court shall retain jurisdiction to resolve any dispute
25 concerning the use of information disclosed hereunder.
26 //
27 //
28 //

12. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

**IT IS SO ORDERED.**

Dated: June 16, 2010

_____
Oswald Parada
United States Magistrate Judge